The Honorable Alex Scott State Representative, 65th District State Capitol, Room 171-W Topeka, Kansas 66612
Dear Representative Scott:
You request our opinion regarding the constitutionality of requiring individuals who purchase vehicles in taxing districts in this state with lower local sales taxes than the taxing district in which they reside to pay the difference to the resident taxing district. You state that under the system you propose, residence would determine the charge for the local tax. "An individual who lived where the tax was equal or less than where the purchase took place would not pay more tax. Likewise, a person who purchased in a higher sales tax county, but lived in a lower sales tax jurisdiction would not receive a refund." But a person who purchased a vehicle in a city or county with a lower sales tax than that of the county where the person lives would pay the county or city of residence the difference between the tax paid on the purchase and the amount that would have been imposed had the purchase occurred in the person's city or county of residence.
Pursuant to K.S.A. 12-191, any retail transaction "consummated within a county or city having a retail sales tax" which is subject to the Kansas retailers' sales tax (with certain exceptions not relevant here) is also subject to the city or county retail sales tax. This provision ties the tax to the situs of the consummation of the sale. A provision to this effect is necessary because a sales tax may not be imposed by a governmental entity having no connection with the transaction being taxed. See 68 Am.Jur.2d Sales and Use Tax sec. 20 ("The event which is subjected to tax under the sales tax statute, namely the sale or the transfer of possession, must occur in the territory of the taxing authority.") However, while a taxing entity would not be able to tax a sale occurring outside its jurisdiction, it would have authority to tax the use of property within its territory. Thus, a locally imposed use tax may accomplish the results you seek.
The Kansas compensating tax, K.S.A. 79-3701 et seq. is a use tax. Pursuant to K.S.A. 79-3705, "if any article of tangible personal property [taxable under the compensating tax act] has already been subjected to a tax by this or any other state in respect to its sale or use in an amount less than the tax imposed by [the compensating tax] act, the provisions of [the compensating tax] act shall apply, but at a rate measured by the difference only between the rate herein fixed and the rate by which the previous tax upon the sale or use was computed." See also K.S.A. 12-198. A similar provision in a local intra-state use tax statute would appear to achieve the equalization you desire. However, the use tax is based on use of property in the taxing jurisdiction, not the residence of the property owner. Thus, if the property is both purchased and used in the territory of a taxing authority other than the purchaser's place of residence, there will be no ability for the taxing authority in which the individual resides to collect a sales or use tax because no taxable event has occurred in that jurisdiction.
The Kansas compensating tax act has survived challenges to its constitutionality that were based on the interstate commerce clause.J.G. Masonry, Inc. v. Department of Revenue, 235 Kan. 497, 508 (1984);Custom Built Homes Co. v. State Comm. of Revenue and Taxation, 184 Kan. 31,45 (1959). Other jurisdictions have upheld state use taxes under a variety of challenges. See generally 68 Am.Jur.2d Sales and Use Tax
secs. 198-213. Further, other states have enacted local use tax laws.Id. at sec. 196. Without the benefit of having specific provisions before us or specific questions regarding their constitutionality, we are unable to predict whether a particular enactment will survive all possible constitutional challenges.
In conclusion, the legislature may, by statute, authorize imposition of a local use tax on motor vehicles in an attempt to equalize the effect of local sales taxes.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm